UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

INTERNATIONAL BROTHERHOOD OF
ELECTRICAL WORKERS LOCAL UNION
NO. 252 PENSION PLAN, ELECTRICAL          Case No. 18-13710
WORKERS LOCAL NO. 252 HEALTH &
WELFARE PLAN, INTERNATIONAL               Hon. _____
BROTHERHOOD OF ELECTRICAL WORKERS
LOCAL UNION NUMBER 252 DEFINED
CONTRIBUTION/401(K) PLAN, ELECTRICAL
WORKERS LOCAL NUMBER 252 APPRENTICE
SCHOOL PLAN, INTERNATIONAL
BROTHERHOOD OF ELECTRICAL WORKERS
LOCAL UNION 252 JOINT APPRENTICE
TRAINING FUND, INTERNATIONAL
BROTHERHOOD OF ELECTRICAL WORKERS
LOCAL 252 LABOR MANAGEMENT COOPERATION
FUND, and INTERNATIONAL BROTHERHOOD OF
ELECTRICAL WORKERS LOCAL UNION NO. 252,

   Plaintiffs,         **COMPLAINT**

v.

APPLE CURRENT CO.,
a Michigan corporation,

   Defendant.
_____

Joy M. Glovick (P66961)
Thomas D. Luczak (P34537)
Conlin, McKenney & Philbrick, P.C.
Attorneys for Plaintiffs
350 South Main Street, Suite 400
Ann Arbor, Michigan 48104-2131
(734) 761-9000
_____

## COMPLAINT

Plaintiffs, by their attorneys, Conlin, McKenney & Philbrick, P.C., state the following for their Complaint against the above-named Defendants:

## JURISDICTION AND VENUE

1.     Plaintiffs International Brotherhood of Electrical Workers Local Union No. 252 Pension Plan, Electrical Workers Local No. 252 Health & Welfare Plan, International Brotherhood of Electrical Workers Local Union Number 252 Defined Contribution/401(k) Plan, Electrical Workers Local Number 252 Apprentice School Plan, and International Brotherhood of Electrical Workers Local Union 252 Joint Apprentice Training Fund (collectively, the "ERISA Plans") are multiemployer employee benefit plans established by collective bargaining and administered pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001 et. seq, which are administered in Washtenaw County, Michigan.

2.     Plaintiff International Brotherhood of Electrical Workers Local 252 Labor Management Cooperation Fund ("Plaintiff LMCF") is a trust fund established pursuant to collective bargaining and administered pursuant to the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. §141 et. seq., which is administered in Washtenaw County, Michigan.

3.     Plaintiff International Brotherhood of Electrical Workers Local Union 252 ("Plaintiff IBEW") is a "labor organization" as defined in the LMRA at 29

U.S.C. §152, which has its principal place of business in Washtenaw County, Michigan. (The ERISA Plans, Plaintiff LMCF and Plaintiff IBEW are collectively referred to herein as "Plaintiffs".)

4.     Defendant Apple Current Co. ("Apple Current") is a Michigan corporation that has its office at 13600 Luick Drive, Chelsea, Michigan.

5.     Apple Current's business is in an "industry affecting commerce" as that term is defined in the LMRA at 29 U.S.C. §142 and by ERISA at 29 U.S.C. §1002.

6.     Jurisdiction is properly within this Court pursuant to the LMRA (29 U.S.C. §185) and ERISA (29 U.S.C. §1132), this being a suit to enforce provisions of a collective bargaining agreement.

## COUNT I
## Breach of CBA

7.     Plaintiffs incorporate by reference Paragraphs 1 through 6 of this Complaint.

8.     During all periods of time relevant to this action, a collective bargaining agreement known as the "Inside Wireman Agreement" between the South Central Division of the Michigan Chapter of the National Electrical Contractors Association and Local Union #252 of the International Brotherhood of Electrical Workers (the "CBA") was in effect. A copy of the excerpts from the CBA that are relevant to this matter are attached hereto as **Exhibit 1**.

3

9.      The CBA covers certain electrical contracting work in the "normal construction labor market," which is defined by the CBA as all of Washtenaw and Jackson Counties, plus Unadilla, Putnam, Hamburg and Green Oak Townships in Livingston County, as well as Onondaga, Leslie, Stockbridge and Bunkerhill Townships in Ingham County (the "Covered Work").

10.     During all periods of time relevant to this action, Apple Current was and is bound by the CBA pursuant to a Letter of Assent signed by it on May 30, 2017, a copy of which is attached hereto as **Exhibit 2**.

11.     Pursuant to the CBA, Apple Current was and is obligated to pay fringe benefit contributions to Plaintiffs for each month in which workers performed Covered Work on Apple Current's behalf.

12.     Pursuant to the CBA, Apple Current was and is obligated to file its completed monthly fringe benefit report (on the standardized form provided by Plaintiff IBEW's Fringe Benefit Funds Office) and the related fringe benefit contributions to Plaintiff IBEW's Fringe Benefit Funds Office on or before the 18th day of the month following each month in which workers performed Covered Work on Apple Current's behalf, subject to certain extensions if the 18th day falls on a weekend or legal holiday.

13.     The fringe benefit reports due from Apple Current are required to provide the names of all workers who performed Covered Work on Apple Current's

4

behalf during the period covered by the report, the hours worked by such workers and other information that allows the calculation of the fringe benefit contributions due from Apple Current to the Plaintiffs under the CBA.

14.    Apple Current employed one or more workers who performed Covered Work from March 1, 2017 to October 30, 2018, and therefore Apple Current was and is obligated to file its monthly fringe benefit reports and to pay the fringe benefit contributions due under those reports to the Plaintiffs for each of the above periods.

15.    Pursuant to the CBA, when fringe benefit reports and/or fringe benefit contributions are not provided to Plaintiffs in a timely manner, Plaintiffs are entitled, in addition to the fringe benefit contributions, to liquidated damages calculated at the rate of 1% of the amount of the overdue fringe benefit contributions per day for each of the first 10 days, and at the rate of 20% if the fringe benefit contributions are 30 or more days overdue.

16.    In April, May, and June 2017, respectively, Apple Current submitted its fringe benefit reports for those months, and such reports reported that no workers performed any Covered Work on Apple Current's behalf during the months of March, April, and May, 2017, respectively, and Apple Current made no fringe benefit contributions for those months.

17.    Apple Current did not file any of the monthly fringe benefit reports required under the CBA and as described in Paragraphs 12 and 13, in the months of

5

July 2017 through May 2018, with respect to workers performing any Covered Work on Apple Current's behalf during the months of June 2017 through April 2018, and Apple Current made no fringe benefit contributions for those months.

18.     In June, July, August, September, October and November, 2018, respectively, Apple Current submitted its fringe benefit reports for those months, and such reports reported that no workers performed any Covered Work on Apple Current's behalf during the months of May, June, July, August, September, and October, 2018, respectively, and Apple Current made no fringe benefit contributions for those months.

19.     On May 17, 2018, the Labor Management Committee established by Section 1.05 of the CBA and functioning as authorized by Sections 1.06 and 1.07 of the CBA determined that workers had performed Covered Work on Apple Current's behalf during the months of March 2017 through April 2018.

20.     The Labor Management Committee's May 17, 2018 determination of the performance of work described in Paragraph 20 was not reported by Apple Current on any monthly fringe benefit reports required under the CBA and as described in Paragraphs 12 and 13, for the months of March 2017 through April 2018, and Apple Current made no fringe benefit contributions for those months.

21.    Pursuant to the CBA, Plaintiffs are entitled to audit Apple Current's payroll records at Apple Current's expense, and are further entitled to recover their actual attorney fees and costs incurred in enforcing the terms of the CBA.

22.    The trustees of the International Brotherhood of Electrical Workers Local Union No. 252 Pension Plan, Electrical Workers Local No. 252 Health & Welfare Plan, and the International Brotherhood of Electrical Workers Local Union Number 252 Defined Contribution/401(k) Plan, after receiving being notified of the Labor Management Committee's May 17, 2018 determination of the performance of work described in Paragraph 20, determined during their June 19, 2018 meeting that the firm of Polk and Associates perform a payroll audit authorized by Section 4.05(9)F. of the CBA on Apple Current.

23.    As set forth on an October 2, 2018 letter from the law firm of Conlin, McKenney & Philbrick, P.C., a copy of which is attached hereto as **Exhibit 3**, representatives of Polk and Associates unsuccessfully attempted to contact Apple Current several times to schedule the payroll audit, beginning on September 3, 2018 through September 13, 2018.

24.    As set forth on an October 2, 2018 letter from the law firm of Conlin, McKenney & Philbrick, P.C., a copy of which is attached hereto as **Exhibit 3**, Apple Current was requested to submit to a payroll audit.

7

25.     Apple Current has not responded to the October 2, 2018 letter from the law firm of Conlin, McKenney & Philbrick, P.C., a copy of which is attached hereto as **Exhibit 3**.

26.     By failing to submit to the payroll audit, Apple Current has breached the terms of the CBA, and has further breached the terms of the CBA to the extent the payroll audit determines that Apple Current should have filed reports and made contributions for work performed on behalf of Apple Current which was Covered Work for purposes of the CBA during the months of March 2017 through October 2018.

27.     As a direct result of Apple Current's breach of the CBA, Plaintiffs have suffered damages equal to the contributions due from Apple Current for the months of March 2017 through October 2018, to the extent determined by the payroll audit which is being sought hereunder, and the contractual liquidated damages assessed on the contributions due for those months.

28.     Plaintiffs will suffer additional damages equal to the attorney fees and costs incurred by Plaintiffs in collecting the amounts due to them from Apple Current under the CBA.

29.     Plaintiffs have requested that Apple Current cure its breach of the CBAs, but Apple Current has failed or refused to do so.

WHEREFORE, Plaintiffs request entry of an Order against Apple Current providing:

(A)   Apple Current submit to the payroll audit by Plaintiffs' accountants which is described in the attached October, 2018 letter from Plaintiffs' attorneys to Apple Current for the months of March 2017 through October 2018;

(B)   Apple Current pay any contributions due to the Plaintiffs for the months of March 2017 through October 2018, to the extent such contributions are determined to be due by the payroll audit which is being sought hereunder, and the contractual liquidated damages assessed on the contributions due for those months;

(C)   Apple Current pay Plaintiff for all costs and expenses incurred by Plaintiffs in performing the audit and seeking the relief sought by Plaintiffs hereunder, including attorney fees and all professional fees charged by Plaintiffs' accounting firm performing the audit; and

(D)   Grant such other and further relief as is just and proper, including granting Plaintiffs the ability to amend this complaint to the extent the payroll audit which is being sought hereunder provides evidence of further breaches of the CBA, violations of ERISA, breach of fiduciary duty under ERISA, and/or violations of the Michigan Builders Trust Fund Act.

/s/ Joy M. Glovick
Conlin, McKenney & Philbrick, P.C.
Attorneys for Plaintiffs
350 South Main Street, Suite 400
Ann Arbor, Michigan   48104-2131
(734) 761-9000
glovick@cmplaw.com
(P66961)

Dated:   November 29, 2018

9