UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL UNION 252 PENSION PLAN, *et al.*, | Civil Action No.: 18-13710 Honorable Arthur J. Tarnow Magistrate Judge Elizabeth A. Stafford |
| Plaintiffs | |
| v. | |
| APPLE CURRENT CO., *et al.*, | |
| Defendants. | |
| _____/ | |

**REPORT AND RECOMMENDATION ON PLAINTIFFS'
MOTION TO COMPEL AND TO SHOW CAUSE WHY CONTEMPT OF
COURT SHOULD NOT BE FOUND [ECF NO. 36]**

### I.   Introduction

Plaintiffs move to compel Rodney Damaron to comply with subpoenas to produce documents and appear for a creditor's examination. ECF No. 36. Plaintiffs also ask the Court to require Damaron to show cause why he should not be held in contempt. *Id*.

The Honorable Arthur J. Tarnow referred the motion to the undersigned for hearing and determination under 28 U.S.C. § 636(b)(1)(A). ECF No. 37. But plaintiffs' motion was filed post-judgment, so this Court

must prepare a report and recommendation under § 636(b)(3).  *Fharmacy Records v. Nassar*, 465 F. App'x 448, 455 (6th Cir. 2012).  And this Court lacks jurisdiction to enter an order of contempt unless it is exercising consent jurisdiction under § 636(c).  *See Faison v. State Farm Fire & Cas. Co.*, No. 13-CV-15014, 2015 WL 4274882, at *1 (E.D. Mich. June 18, 2015), *adopted*, No. 13-15014, 2015 WL 4274887 (E.D. Mich. July 14, 2015).  The Court must instead proceed under § 636(e)(6)(B), which states:

> [T]he magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified.  The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

The Court recommends that Judge Tarnow grant plaintiffs' motion to compel and order Damaron to show cause why he should not be held in contempt for failing to obey the subpoenas.

## II.    Analysis

Federal Rule of Civil Procedure 45(g) says that a court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it."  A court's discretion to find

2

contempt "should not be used lightly." *Faison*, 2015 WL 4274882 at *2 (quoting *Elec. Workers Pension Trust Fund of Local Union # 58, IBEW v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 378 (6th Cir.2003). Plaintiffs bear the burden of showing by clear and convincing evidence that the Damaron failed to comply with the subpoenas. *Faison*, 2015 WL 4274882 at *2; *Glover v. Johnson*, 138 F.3d 229, 244 (6th Cir. 1998). Plaintiffs have met that burden based on the following certified facts:

1. Plaintiffs entered a stipulation for an order of judgment awarding plaintiffs $229,467.80, plus interest.  ECF No. 28; ECF No. 29.

2. Plaintiffs say that Defendants Apple Current Co. and Apple Electric, LLC have refused to pay the judgment and may have transferred assets to other entities.  ECF No. 36, PageID.390.

3. Plaintiffs allege that Damaron was the sole shareholder of Apple Current Co. and the sole member of Apple Electric, LLC.  ECF No. 36, PageID.390.

4. Plaintiffs served Damaron by certified mail with subpoenas for documents to be produced by June 25, 2021, and for a

   deposition/creditor's examination on July 7, 2021. ECF No. 36-3.

5. Plaintiffs sent a copy of the subpoenas to Damaron's attorney, Donald C. Darnell, who is an attorney of record in this case. ECF No. 36-3, PageID.399.

6. As the attorney of record, Darnell would have received notice of the motion to compel through the Court's ECF system.

7. Damaron has filed no response to plaintiffs' motion to compel either on his own or through Darnell.

8. The Court scheduled a hearing for August 30, 2021. ECF No. 40.

9. Plaintiffs filed a certification that they served notice of the hearing by U.S. mail to Damaron and Darnell, and as the attorney of record, Darnell received notice through the Court's ECF system.

10. Darnell appeared at the August 30 hearing and said, inexplicably, that he had just recently learned about the motion to compel. He also said that Damaron had recently reengaged him and that he did not believe that he continued

to represent defendants as a matter of law after the appeal period had elapsed.

11. When asked about why Damaron had not responded to the subpoenas, Darnell replied that Damaron is not a party to this case. Darnell also denied that Damaron was the sole shareholder of Apple Current Co. and the sole member of Apple Electric, LLC.

12. After being asked, Darnell said that he was representing Damaron at the hearing, but he did not know if he should have filed an appearance on behalf of Damaron.[1]

13. Plaintiffs' counsel, Joseph Phillips, said during the hearing that he emailed Darnell on June 29, 2021 and inquired whether Darnell was still representing Damaron. Phillips said that Darnell did not respond until the afternoon of August 30.

14. Phillips alleged that Darnell supplied some documents suggesting that Damaron had made some questionable transfers of funds to himself.

---

[1] The Court directs Darnell to review E.D. Mich. LR 83.25.

### III.     Conclusion

Because of the above certified facts, the Court **RECOMMENDS** that plaintiffs' motion to compel and show cause, **ECF No. 36**, be **GRANTED**, and Damaron be ordered to appear before Judge Tarnow to show cause why he should not be held in civil contempt for failure to comply with subpoenas.  And because Damaron filed no response to plaintiffs' motion to compel, the Court **RECOMMENDS** Damaron be compelled to produce the documents requested and sit for a creditor's examination.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: October 5, 2021


### NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  If a party fails to timely file specific objections, any further appeal is waived.  Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991).  And only the specific objections to this report and recommendation are

preserved for appeal; all other objections are waived.  Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains.  Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 5, 2021.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager
