UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL UNION NO. 252 PENSION PLAN**, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>**APPLE CURRENT CO.**, et al.,<br><br>Defendants. | 2:18-CV-13710-TGB-EAS<br><br><br>ORDER RESOLVING MOTIONS |

On March 15, 2022 the Court ordered Rodney Damaron, alleged to be the sole shareholder of Defendants, to show cause why he should not be held in contempt of court for failure to comply with a subpoena.[1] ECF No. 45. After posting multiple notices through the electronic case filing system, the Court held a Show Cause hearing on April 6, 2022. Both Mr. Damaron and his attorney Donald Darnell failed to appear. At the hearing, the Court heard the arguments of Plaintiff's counsel as to why

---

[1] Mr. Damaron was also ordered to produce certain documents and sit for a creditor's examination. This order remains in effect. ECF No. 44, PageID.445.

1

Damaron should be held in contempt of court, and what sanctions might be appropriate. At the Court's request, counsel submitted supplemental briefing outlining the costs he has incurred thus far in attempting to secure Mr. Damaron's compliance. ECF No. 47.

Based on the record in this case, Mr. Damaron has failed to respond to a properly issued subpoena. He has also failed to appear in response to this Court's order to show cause. This contumacious conduct provides sufficient evidence to find him in contempt of Court. As to the question of what sanctions would be appropriate, "[w]ith respect to civil contempt proceedings, '[j]udicial sanctions ... may, in a proper case, be employed for either or both of two purposes; to coerce the defendant into compliance with the court's order, and to compensate the complainant for losses sustained.'" *Elec. Workers Pension Tr. Fund of Loc. Union |58, IBEW v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 379 (6th Cir. 2003) (quoting *United States v. United Mine Workers of Am.*, 330 U.S. 258, 303-04 (1947)). The Court finds that, at this time, compensation to Plaintiff's attorney for his time spent attempting to get Mr. Damaron to appear, as documented by billing logs, is an appropriate sanction. ECF No. 47-1. If Mr. Damaron continues to fail to appear, the Court may impose further sanctions in order to achieve compliance with its orders.

Therefore, the Court hereby finds Rodney Damaron in **CONTEMPT** of Court for failing to appear at a duly-noticed Judgment

Creditor's Examination on July 7, 2021 and for failing to appear at this Court's show cause hearing.

Rodney Damaron is hereby **ORDERED** to appear within forty-five (45) days for a Judgment Creditor's Examination to be scheduled by Plaintiff's counsel with notice to Rodney Damaron and his attorney. It is further **ORDERED** that Rodney Damaron shall pay sanctions of $4,457.00 to Plaintiff IBEW for its costs and attorney fees incurred because of his failure to appear. Said sanctions shall be paid by Rodney Damaron to Plaintiff IBEW within ten (10) days of the date of this Order.

**SO ORDERED**, this 20th day of April, 2022.

BY THE COURT:

s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE